Alma McCUTCHIN et al., Appellants,

v.

Douglas GODFREY, Appellee.

No. 7447.

Court of Civil Appeals of Texas.

Texarkana.

Oct. 23, 1962.

Rehearing Denied Nov. 13, 1962.

Donald C. Apeland, Shank, Irwin & Apeland, Dallas, for appellants.

Angus Wynne, Henry Baer, Wynne, McKenzie, Stroud, Jaffe & Tinsley, Dallas, for appellee.

FANNING, Justice.

This suit involves the construction of a written assignment of an oil, gas and mineral lease.

In 1930, a gas and oil mining lease was entered into between Castleberry, Lessor, and Skipper, Lessee, covering a tract of land in Gregg County, Texas. Subsequent thereto, such lease came into the ownership of appellants. On November 22, 1960,

appellants assigned said lease to Godfrey, appellee herein, reserving from such assignment an oil production payment, which is the subject of the controversy between the parties. We quote from the assignment in part as follows:

"* * * reserving from this conveyance all of the oil from one well upon said lease, subject to the rights of Arkansas Fuel Oil Company, as above set out, until they have received the full sum of Ninety Thousand Dollars ($90,000.00) free and clear of all expense of production, maintenance and marketing, free into the pipe line, the full sum of Ninety Thousand Dollars ($90,000.00) payable to the Assignors in the following proportions:

"Thirty Thousand Dollars ($30,000.-00) to Mrs. Alma McCutchin, a feme sole, as an individual;

"Thirty Thousand Dollars ($30,000.-00) to R. M. McCutchin, Earl McCutchin and Alma McCutchin, Independent Executors of the Estate of Alex McCutchin, deceased, and

"Thirty Thousand Dollars $(30,000.-00) to the McCutchin Investment Company.

"The oil so reserved by the Assignors shall be delivered to their credit into the pipe lines of Arkansas Fuel Oil Company, or any other purchaser to whom said oil is run, clear of all expense of production and delivery, chargeable only with taxes which may be levied by the United States of America, the State of Texas, or any legal subdivision thereof."

Appellee, subsequent to the date of the assignment, delivered to the pipe line oil valued at $89,658.57, which sum was credited to the account of appellants. $341.43 was tendered to appellants by appellee to pay the balance of the $90,000.00. Dis-

tribution of revenue received for the oil delivered into the pipe line was made by payment of $85,491.30 to appellants and $4,-167.27 to the Comptroller of the State of Texas for gross production and pipe line taxes.

Appellants contended, prior to the institution of this suit and in this suit, that they were not responsible for the payment of the gross production and pipe line taxes, and that a balance remained due and owing to them of $4,167.27, the amount disbursed to the Comptroller of the State of Texas.

Appellee brought suit against appellants to construe the reserved interest in said assignment, to recover title and possession of the lease and to remove appellants' cloud upon appellee's title to the lease. Plaintiff-appellee tendered to the defendants-appellants the sum of $341.43 by paying same into the registry of the court. The case was submitted on an agreed statement of facts. The trial court, sitting without a jury, rendered judgment for appellee for the title and possession of the lease, declared that any and all claims of the appellants as against appellee's title to the lease be cancelled and removed as clouds upon appellee's title because appellee had fully paid and complied with all of the terms of the assignment, and costs were taxed against appellants. Appellants have appealed.

Appellants contend that under the assignment they reserved all the oil from one well chargeable with the receipt by and payment to appellants of the full sum of $90,000.00, and that the oil is chargeable with taxes, not the $90,000.00, and that appellants are entitled to receive the full sum of $90,000.00, without being chargeable with the $4,167.27 gross production and pipe line taxes paid to the State Comptroller.

The assignment is unambiguous. The judgment of the trial court was correct and such judgment is accordingly affirmed.